NORTH STATE SAVINGS & LOAN CORPORATION, PLAINTIFF v. CARTER DE-
VELOPMENT COMPANY, INC., JAMES D. CARTER, SANDRA F.
CARTER, G. HOWARD SATTERFIELD AND JOYCE SATTERFIELD,
DEFENDANT AND R. J. ROBBINS, INTERVENOR

No. 863SC495

(Filed 25 November 1986)

**Clerks of Court § 1; UCC § 45— sale of attached property halted—authority of
Clerk**

N.C.G.S. § 1-440.9 gave the Clerk of Court sufficient authority to stop the
sale of an attached aircraft which had been used as security for a note where
the sheriff's announcement at the sale that the aircraft would be sold free of
the plaintiff's lien was at variance with the notice that defendant's interest
would be sold. N.C.G.S. § 1-440.44.

Judge BECTON concurs in the result.

APPEAL by defendant from *Reid, Judge*. Order entered 10
January 1986 in Superior Court, CRAVEN County. Heard in the
Court of Appeals 15 October 1986.

R. J. Robbins, the intervenor in this proceeding, appeals from
an order of the superior court for the sale of attached property.
The following evidence is not in dispute. The plaintiff instituted
this action to recover on a note which was in default. The loan
was secured by a security interest in a Mitsubishi MU-2B-35 air-
craft. The Clerk of Superior Court of Craven County issued an
order of attachment on the aircraft and it was seized by the
Sheriff of Mecklenburg County pursuant to the order.

The Sheriff of Mecklenburg County applied to sell the air-
craft pursuant to G.S. 1-440.44 on the ground that it would ma-
terially deteriorate in value during the litigation of the action. On
17 October 1985 the Clerk of Superior Court of Craven County
signed an order authorizing the Sheriff to sell the aircraft. The
Sheriff advertised the sale by a notice which said that "all rights,
title, and interests which the above named Defendant (Carter

Development) have in and to the . . . property" would be sold at public auction for cash.

On 4 November 1985 Major Bankhead of the Mecklenburg County Sheriff's Department conducted a sale of the property at the Douglas International Airport. Among those present at the sale were Mike Flanagan, an attorney representing the plaintiff, R. J. Robbins and Kurt Lewin. Major Bankhead announced that the property would be sold "free and clear of any security interests including that of the plaintiff North State." Mr. Flanagan stated that North State's lien would remain on the property after the sale. Mr. Robbins bid $600 for the aircraft which was the high bid at the sale.

On 4 November 1985 the Clerk of Superior Court of Craven County signed an order continuing the sale and ordering the Sheriff of Mecklenburg County not to deliver a bill of sale to Mr. Robbins. On 5 November 1985 Mr. Robbins tendered a certified check to Major Bankhead in payment for the aircraft.

R. J. Robbins was allowed to intervene in the proceeding and he made a motion that the Sheriff of Mecklenburg County be ordered to deliver to him the aircraft. The court ordered that the aircraft be resold which was done. North State bid $94,000 for the aircraft at the next sale and received a bill of sale for the aircraft. R. J. Robbins appealed from the order that the aircraft be resold.

*Petree, Stockton & Robinson, by J. Neil Robinson, for intervenor appellant.*

*Ward & Smith, by Michael P. Flanagan, for defendant appellees.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General David S. Crump, amicus curiae for R. J. Robbins.*

WEBB, Judge.

The sale in this case was conducted pursuant to G.S. 1-440.44 which provides in part:

(a) The sheriff shall apply to the clerk or the judge for authority to sell property, or any share or interest therein, seized pursuant to an order of attachment,

(1) If the property is perishable, or

(2) If the property is not perishable, but

> a. Will materially deteriorate in value pending litigation.

Neither party questions the propriety of ordering a sale pursuant to this section. G.S. 1-440.9 provides:

> The Court of proper jurisdiction, before which any matter is pending under the provisions of this Article, shall have authority to fix and determine all necessary procedural details in all instances in which the statute fails to make definite provision as to such procedure.

We believe that G.S. 1-440.9 gives the clerk sufficient authority to stop the sale as she did in this case. The sheriff's announcement at the sale that the aircraft would be sold free of the plaintiff's lien was at variance with the notice that Carter Development's interest would be sold. We can take notice of the fact that the aircraft brought at the first sale only a small fraction of its value. With these factors in mind the clerk had sufficient supervisory powers under the statute to order a new sale.

The appellant has assigned error to the findings of fact and the failure to find certain facts which he says are shown by uncontradicted evidence. We do not believe the answers to these assignments of error are determinative of the case. The facts upon which the case turns are not in dispute. The court found sufficient facts based on the evidence for us to decide this appeal.

Affirmed.

Judge EAGLES concurs.

Judge BECTON concurs in the result.